**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF NEW JERSEY**

| | | |
|---|---|---|
| **ABDUL NABIZADA and** : | | |
| **KHADIJA NABIZADA, his wife** : | CIVIL ACTION | |
| 15815 75th Avenue, Apt 1 : | | |
| Fresh Meadow, NY 11366 : | | |
| *Plaintiffs,* : | | |
| : | | |
| vs. : | NO. | |
| : | | |
| **DELTA EXPRESS TRANSPORT LLC** : | | |
| 4005 Biddulph Avenue : | | |
| Cleveland, OH 44109 : | | |
| and : | | |
| **OLEG KIPRAN** : | | |
| 4635 Jessica Lane : | JURY TRIAL DEMANDED | |
| North Royalton, OH 44133 : | | |
| *Defendants.* : | | |

**CIVIL ACTION COMPLAINT**

Plaintiffs, Abdul Nabizada and Khadija Nabizada, his wife, by their attorneys, Wapner Newman, hereby demand damages of defendants, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and damages for prejudgment delay, upon causes of action upon which the following are statements:

**COUNT I**

**(FACTS COMMON TO ALL COUNTS)**
**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs, Abdul Nabizada and Khadija Nabizada, his wife, are citizens and residents of the State of New York, residing therein at 15815 75th Avenue, Apt 1, Fresh Meadows, NY 11366.

2. Defendant, Delta Express Transport LLC (hereinafter "Delta Express"), is a corporation organized and existing under and by virtue of the laws of the State of Ohio, with a principle place of business at 4005 Biddulph Avenue, Cleveland, Ohio 44109.

3. At all times material hereto, defendant, Delta Express, was acting by and through its agents, servants and/or employees, who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of the defendant, Delta Express.

4. Defendant, Oleg Kipran (hereinafter "Kipran"), is a citizen and resident of the State of Ohio residing therein at 4635 Jessica Lane, North Royalton, Ohio 44133.

5. At all times material hereto, defendant, Kipran, was acting individually and by and through its agents, servants and/or employees, who were then and there acting in the course and scope of their employment with and under the direct control and/or right of control of the defendant, Kipran.

6. At all times material hereto, defendant, Kipran, was the agent, servants and/or employee of defendant, Delta Express, acting then and there in the course and scope of said employment/agency under defendant, Delta Express' control and/or right of control.

7. At all times material hereto, each respective defendant was the agents, servant and/or employee of each other defendant acting then and there in the course and scope of said employment/agency with each respective defendant under each respective defendant's control and/or right of control.

8. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars and there is diversity of citizenship between the plaintiff and defendant.

9. Venue in this Court is proper under 28 U.S.C. §1391 because the defendant resides within this district and the incident involved herein occurred within this district.

## FACTUAL BACKROUND

10. On or about October 17, 2018, at or about 11:00 p.m., plaintiff, Abdul Nabizada, was the operator of a motor vehicle on or near Interstate 78-East at or near mile marker 56.6 in Somerset County, New Jersey.

11. On or about October 17, 2018, at or about 11:00 p.m., defendant, Kipran, was the operator of a motor vehicle owned by defendant, Delta Express, on or near Interstate 78 East at or near mile marker 56.6 in Somerset County, New Jersey.

12. At all times material hereto, defendant, Kipran, was operator the motor vehicle owned by defendant, Delta Express, as a permissive user.

13. At the time and place as aforementioned, defendant, Kipran, carelessly and negligently operated said motor vehicle so as to cause a collision with the motor vehicle operated by plaintiff, Abdul Nabizada, as a result of which plaintiff sustained serious, painful and permanent, personal injuries, more particularly hereinafter described.

14. The accident aforementioned was caused by the negligence of the defendants, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiffs herein.

15. The negligence of the defendant, Delta Express, it's agents, servants and/or employees consisted of the following:

    a. Vicarious liability for the actions and/or inactions of defendant, Kipran;

    b. Failing to have said motor vehicle/tractor-trailer under adequate and proper control;

    c. Operating said motor vehicle/tractor-trailer at a high and excessive rate of speed under the circumstances;

    d. Failing to use due caution in driving said motor vehicle/tractor-trailer upon the highway;

e. Failing to take due note of the point and position of the motor vehicle operated by plaintiff;

f. Failing to maintain an assured clear distance with the motor vehicle operated by plaintiff;

g. Failing to yield the right-of-way;

h. Failing to warn plaintiff;

i. Failing to stop said motor vehicle/tractor-trailer;

j. Failing to maintain a proper lookout;

k. Disregarding the designated lanes of travel on the road on which plaintiff was traveling;

l. Disregarding applicable traffic controls and/or signals;

m. Striking the motor vehicle operated by plaintiff;

n. Operating said motor vehicle/tractor-trailer when contra-indicated by lack of sleep and/or other physical conditions;

o. Failing to properly qualify defendant, Kipran, to operate said motor vehicle/tractor-trailer;

p. Negligent selection of operator(s) of motor vehicles/tractor-trailers;

q. Negligent hiring of operator(s) of motor vehicles/tractor-trailers;

r. Failing to inspect said motor vehicle/tractor-trailer;

s. Failing to properly inspect said motor vehicle/tractor-trailer;

t. Failing to repair said motor vehicle/tractor-trailer;

u. Failure to comply with Federal Motor Carrier Safety Regulations;

v. Failing to supervise;

w. Failing to train operators of said motor vehicle /tractor-trailer;

x. Violating the statutes and ordinances of the State of New Jersey, and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances;

  y. Causing injuries to plaintiff; and

  z. Failing to prevent injuries to plaintiff.

16. The negligence of the defendant, Kipran, individually and by and through his agents, servants and/or employees consisted of the following:

  a. Failing to have said motor vehicle/tractor-trailer under adequate and proper control;

  b. Operating said motor vehicle/tractor-trailer at a high and excessive rate of speed under the circumstances;

  c. Failing to use due caution in driving said motor vehicle/tractor-trailer upon the highway;

  d. Failing to take due note of the point and position of the motor vehicle operated by plaintiff;

  e. Failing to maintain an assured clear distance with the motor vehicle operated by plaintiff;

  f. Failing to yield the right-of-way;

  g. Failing to warn plaintiff;

  h. Failing to stop said motor vehicle/tractor-trailer;

  i. Failing to maintain a proper lookout;

  j. Disregarding the designated lanes of travel on the road on which plaintiff was traveling;

  k. Disregarding applicable traffic controls and/or signals;

  l. Striking the motor vehicle operated by plaintiff;

  m. Operating said motor vehicle/tractor-trailer when contra-indicated by lack of sleep and/or other physical conditions;

  n. Failing to inspect said motor vehicle/tractor-trailer;

  o. Failing to properly inspect said motor vehicle/tractor-trailer;

  p. Failing to repair said motor vehicle/tractor-trailer;

  q. Failure to comply with Federal Motor Carrier Safety Regulations;

  r. Failing to supervise;

    s.  Failing to train operators of said motor vehicle /tractor-trailer;

    t.  Violating the statutes and ordinances of the State of New Jersey, and the local municipality where the accident occurred pertaining to the operation of a motor vehicle under the circumstances;

    u.  Causing injuries to plaintiff; and

    v.  Failing to prevent injuries to plaintiff.

## COUNT II
## PLAINTIFF, ABDUL NABIZADA, V. DEFENDANTS

24. Plaintiffs incorporate by reference the preceding paragraphs as if set forth at length herein.

25. As a result of the accident aforementioned, plaintiff, Abdul Nabizada, sustained multiple injuries, including, but not limited to, headache, cervical disc herniation, cervical radiculopathy, cervical strain and sprain, internal derangement shoulder, labrum tear and rotator cuff tear of shoulder, internal derangement of knees, tear of meniscus and tear of anterior cruciate and medial collateral ligaments of knee, as well as other injuries to his head, neck, back, spine, torso and extremities, their bones, cells, tissues, discs, muscles, cartilage, nerves and functions; together with shock and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

26. As a result of the aforesaid, plaintiff has undergone great physical pain and mental anguish, and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

27. As a further result of defendants' negligence as aforesaid, plaintiff has become obliged to expend and/or incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future.

28. As a further result of the defendants' negligence, plaintiff has suffered an injury which may be permanent, irreparable and severe.

29. As a further result of the defendants' negligence, plaintiff was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which plaintiff may continue to suffer for an indefinite time in the future, which such loss of income and/or impairment of earning capacity.

30. As a further result of this accident, plaintiff has or may suffer a severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which the plaintiff would have performed, not for income, but for the benefit of himself, if he had not been so grievously injured.

31. As a result of the aforesaid negligence, plaintiff has incurred associated incidental expenses for which defendants are liable.

WHEREFORE, plaintiffs demand judgment against defendants, jointly, severally and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

## COUNT III
## PLAINTIFF, KHADIJA NABIZADA V. DEFENDANTS

32. Plaintiffs incorporate by reference the preceding paragraphs as if set forth at length herein.

33. As a result of the injuries sustained by husband-plaintiff, Abdul Nabizada, as aforesaid, wife-plaintiff, Khadija Nabizada, has been deprived of the society, companionship and consortium of her husband herein named, and she will be deprived of same for an indefinite time in the future, to her great detriment and loss.

WHEREFORE, plaintiffs demand judgment against defendants, jointly, severally and in the alternative, for compensatory damages, interests, costs of suit and reasonable attorney's fees in an amount in excess of Seventy-Five Thousand ($75,000.00), as well as lawful interest and costs.

A jury trial is demanded.

                              **WAPNER NEWMAN**

                    BY:   Robert S. Miller
                            **ROBERT S. MILLER, ESQUIRE**
                            **ANASTASIA B. WOHAR, ESQUIRE**
                            8000 Sagemore Drive, Suite 8302
                            Marlton, NJ  08053
                            (856-983-9800)